IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff/Respondent, § § v. § § SYE NEWTON, § § Defendant/Petitioner. § | CRIMINAL NUMBER H-19-816-01 CIVIL ACTION NO. H-24-0121 |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are petitioner Sye Newton's Fed. Rule Civil Proc. 59(e) Motion to Alter or Amend Judgment (Docket Entry No. 214) and respondent the United States' Amended Response to Newton's Rule 59(e) Motion (Docket Entry No. 217).

"Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir.), cert. denied sub nom. Irvin v. Hydrochem, Inc., 125 S. Ct. 411 (2004).  A manifest error of law is an error "that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" Guy v. Crown Equipment Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004) (quoting Black's Law Dictionary 563 (7th ed. 1999))).  A manifest error of fact "is an obvious mistake or departure from the truth." Bank One, Texas, N.A. v. Federal Deposit Insurance Corp., 16 F. Supp. 2d 698, 713 (N.D. Tex.

1998). To prevail on a Rule 59(e) motion, the movant must show either: (1) a manifest error of law or fact; (2) an intervening change in controlling law; or (3) the availability of new evidence not previously available. Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567 (5th Cir. 2003). "A Rule 59(e) motion 'calls into question the correctness of a judgment'" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 478-79.

Newton's arguments were raised and rejected in the court's Memorandum Opinion and Order or could have been raised in his § 2255 Motion (Docket Entry No. 191). His pending motion falls far short of satisfying the requirement for relief under Rule 59(e). The reasons for which Newton seeks reconsideration neither argue nor show a manifest error of law or fact, an intervening change in controlling law, or the availability of new evidence not previously available. See Schiller, 342 F.3d at 567; Templet, 367 F.3d at 479.

Newton presents no legal or factual support for appointment of counsel or an investigator.

Accordingly, Newton's Fed. Rule Civil Proc. 59(e) Motion to Alter or Amend Judgment (Docket Entry No. 214) is **DENIED**.

**SIGNED** at Houston, Texas, on this 23rd day of August, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE